IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD KNORR JR.                    *
      Plaintiff,
   v.                               *   CIVIL ACTION NO. DKC-12-3391

WARDEN                              *
      Defendant.
                           *****

**MEMORANDUM OPINION**

This action, captioned as a civil rights complaint, was originally filed on November 16, 2012, while Gerald Knorr ("Knorr") was confined in the Allegany County Jail in Cresaptown, Maryland. For reasons set out in this opinion, the cause of action shall be dismissed and denied as moot. Knorr's Motion for Leave to Proceed In Forma Pauperis will be denied.

Knorr complained that he has been locked up since October 6, 2012, and had not been to court. Knorr alleges that the public defender has failed to respond to his calls and letters. He further claimed that he is not receiving help for his mental and physical problems. He sought a bail hearing and mental and medical attention while detained. (ECF No. 1).

An examination of the state court docket shows that on October 6, 2012, criminal charges were filed against Knorr for theft under $1,000.00 and disorderly conduct in the District Court for Alleghany County, Maryland. On November 21, 2012, however, the theft charge was nolle prossed and Knorr pleaded guilty to disorderly conduct. He was sentenced to 47 days, given credit for time served, and released from confinement. *See Knorr v. State*, Criminal No. 5W00063047 (District Court for Alleghany County) (copy attached).

The case has been treated as a hybrid § 1983 civil rights complaint and 28 U.S.C. § 2241 habeas corpus petition. To the extent that Knorr is seeking injunctive relief regarding the conditions of his confinement, the Court notes that he has been released from detention at the Alleghany County Jail. Under 42 U.S.C. § 1983, an actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). It is possible for events subsequent to the filing of the complaint to make an injunctive relief request moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). This is so even though such a case presented a justiciable controversy at an earlier point in time and an intervening event rendered the controversy moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *Lewis v. Continental Bank* Corp, 494 U.S. 472, 480 (1990). With his release from detention, Knorr's request for injunctive relief is moot as he is no longer subject to the conditions of which he complains.

Insofar as Knorr is attacking his detention and seeks release from confinement, his action shall be construed as a § 2241 habeas corpus petition. A § 2241 petition is used to attack the manner in which a sentence is executed. *See* 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 499–500 (1973).

A challenge to pre-trial detention becomes moot once the petitioner has finished serving that detention. *See Barker v. Estelle,* 913 F.2d 1433, 1440 (9th Cir. 1990); *James v. Reese,* 546 F.2d 325, 328 (9th Cir. 1976). Here, Knorr challenged his pre-trial detention prior to the nolle proseque of his

charges and his release.  The court finds his § 2241 Petition to be moot and no evidentiary hearing is required prior to dismissing this matter.  *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007).   A separate Order follows.


Date:   November 27, 2012              /s/
                                              DEBORAH K. CHASANOW
                                              United States District Judge